STEPHANIE I. SPRECHER
Acting United States Attorney
JEREMY A. GROSS (WY Bar # 7-5110)
Assistant United States Attorney
P.O. Box 668
Cheyenne, WY 82003-0668
Telephone: 307-772-2124
jeremy.gross@usdoj.gov

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 25cv151 ) |
| 4.08 BITCOIN; and | ) ) |
| $535.20 IN U.S. CURRENCY | ) ) |
| Defendant. | |

**UNITED STATES OF AMERICA'S VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

Plaintiff United States of America, by and through the Acting United States Attorney for the District of Wyoming, and Assistant United States Attorney Jeremy A. Gross, brings this verified complaint for forfeiture in a civil action *in rem*, in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure, against: 4.08 Bitcoin and $535.20 in U.S. Currency currently located in Ledger X LLC (d/b/a FTX US Derivatives) account number 2691288945 and/or any associated general ledger or suspense account ("Defendant Property"). In support of this complaint, the United States alleges as follows:

**I. NATURE OF ACTION AND THE DEFENDANTS IN REM**

1. The plaintiff is the United States of America

2. Defendant Property includes 4.08 Bitcoin and $535.20 in U.S. Currency currently located in Ledger X LLC (d/b/a FTX US Derivatives) account number 2691288945 and/or any associated general ledger or suspense account.

## II.   JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1345, which provides the Court with jurisdiction over all civil actions commenced by the United States, and 28 U.S.C. § 1355, which provides the Court with jurisdiction over actions to recover or enforce forfeitures.

4. This Court has *in rem* jurisdiction over the Defendant Property and venue pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture took place in the District of Wyoming.

5. As of the date of this action, the Defendant Property remains in the possession, custody, and control of Ledger X LLC. As set forth in Supplemental Rule G(3)(b)(ii), upon a finding of probable cause, this Court must issue a warrant to arrest the Defendant Property. Accordingly, the United States requests that this Court issue an arrest warrant to allow the United States Secret Service to seize the Defendant Property.

## III.   BASIS FOR FORFEITURE

6. Plaintiff alleges the Defendant Property (1) is property involved in or traceable to property involved in money laundering in violation of 18 U.S.C. §§ 1956 and 1957; or (2) constitutes proceeds from a specified unlawful activity (as defined in 18 U.S.C. §§ 1956(c)(7) and 1961(1)), in violation of 18 U.S.C. § 1343 (relating to wire fraud). Therefore, the Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).

### IV.     FACTS GIVING RISE TO FORFEITURE

7. Supplemental Rule G(2)(f) requires this complaint to state *sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.* Such facts and circumstances supporting the seizure and forfeiture of the Defendant Property are contained in Exhibit 1 (Affidavit in Support of an Application for a Seizure Warrant), which is attached hereto and incorporated by reference.

### COUNT ONE – FORFEITURE
(18 U.S.C. § 981(a)(1)(A) & (C))

8. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 7 above as if fully set forth herein.

9. As required by Supplemental Rule G(2)(f), the facts set forth herein support a reasonable believe that the government will be able to meet its burden of proof at trial. Specifically, there exists probable cause to believe that the Defendant Property constitutes: (1) property involved in or traceable to property involved in money laundering in violation of 18 U.S.C. §§ 1956 and 1957; or (2) proceeds from a specified unlawful activity (as defined in 18 U.S.C. §§ 1956(c)(7) and 1961(1)), in violation of 18 U.S.C. § 1343 (relating to wire fraud). Therefore, the Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).

### PRAYER FOR RELIEF

WHEREFORE, the United States of America requests that the Court issue a warrant for the arrest of the Defendant Property; that notice issue on the Defendant Property as described above; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring that the Defendant Property be forfeited to the United States for disposition according to law; and that the United States be granted such other

relief as this Court may deem just and proper, together with the costs and disbursements of this action.

DATED this 26th day of June 2025.

STEPHANIE I. SPRECHER<br>
Acting United States Attorney

By: _____
JEREMY A. GROSS
Assistant United States Attorney

## VERIFICATION

I, Michael Stotler, a Special Agent with the United States Secret Service, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Forfeiture *In Rem* and its attachments, and that the Complaint is based upon reports and information known to me and/or furnished to me by other law enforcement representatives and that everything represented herein is true and correct to the best of my knowledge and belief.

Executed on this 25th day of June 2025.

*Michael Stotler*

Special Agent Michael Stotler
United States Secret Service